IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIRECSUPPLY, Inc., | § § § | |
| Plaintiff, | § § § | |
| V. | § § | Civil Action No. _____ |
| DIRECT SUPPLY, Inc. | § § § | |
| Defendant. | § § § | JURY DEMANDED |

## COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK RIGHTS

Plaintiff, DirecSupply, Inc. ("Plaintiff"), files this Complaint against Defendant, Direct Supply, Inc. ("Defendant"), seeking a declaration of its rights under Title 15 of the United States Code and alleges as follows:

### PARTIES

1. Plaintiff is a Delaware corporation with a principal place of business at 7120 Brittmore Drive, #400, Houston, Texas 77041.

2. Defendant is a Wisconsin corporation with a principal place of business at 6767 North Industrial Road, Milwaukee, Wisconsin 53223. Defendant can be served with process via its agent for service of process, Robert H. Klein Jr., 6767 N. Industrial Road, Milwaukee, Wisconsin 53223.

### JURISDICTION AND VENUE

3. The claims herein arise under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(b), and 1367. An

actual case and controversy exists between the parties that may be adjudicated by this Court consistent with U.S. CONST. art. III, § 2, cl.1.

4. Personal jurisdiction over Defendant is established in this Judicial District because Defendant has continuous and systematic business contacts with Texas and this Judicial District, including but not limited to offering, selling, and/or providing products and services in this Judicial District under the trademarks at issue in this Complaint. Furthermore, this action arises out of or is related to Defendant's contacts in this Judicial District.

5. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and (c) because Defendant resides in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claims occurred in this Judicial District.

## BACKGROUND

6. Plaintiff was established in 2006 to provide customer service and project management support for multi-family and residential housing renovation projects by way of global product sourcing and *distributorship services*. Plaintiff uses the composite mark "DIRECSUPPLY," alone and in combination with other terms, phrases and designs, in conjunction with distributorship services of various third party goods to other third party businesses and owns U.S. Trademark Registration No. 4,000,089 (collectively the "DirecSupply Trademark"). One version of the DirecSupply Trademark is:

**DirecSupply**

7. Plaintiff has used the DirecSupply Trademark since at least as early as 2006. A copy of the DirecSupply Trademark Registration is attached as Exhibit 1.

8. On information and belief, Defendant was established in 1985 and provides products and services to the long term health care, elder care, and senior living markets. Defendant uses the mark "DIRECT SUPPLY," alone and in combination with other terms, phrases, and designs, in conjunction with providing goods and services to its clients and is listed as the owner of U.S. Trademark Registration Nos. 1,948,126, 2,601,185, 2,656,578, and 2,844,206 (collectively the "Direct Supply Trademark"). Copies of the Direct Supply Trademark Registrations are attached as Exhibit 2.

9. Although several of Defendant's trademark registrations broadly recite goods and services outside the long term care, elder care, and senior living markets, upon information and belief, such broad recitations are not supported by actual use outside those markets.

10. On January 11, 2013, Defendant sent Plaintiff a cease and desist letter ("the Letter") demanding that Plaintiff cease using the DirecSupply Trademark. The Letter claims that the DirecSupply Trademark is confusingly similar to the Direct Supply Trademark, and that this has resulted in actual confusion on the part of at least one of Defendant's customers. Accordingly, the Letter accuses Plaintiff of violating the Direct Supply Trademark under 15 U.S.C. § 1125(a) and 15 U.S.C. § 1114, violating Defendant's common law trademark rights, and violating the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(c), as well engaging in unfair competition.

11. Plaintiff disputes Defendant's allegations for numerous reasons. Simply because two marks may look and sound similar does not mean trademark infringement exists, unfair competition, or cybersquatting exists. Plaintiff serves multi-family developments, not senior living facilities. Thus, it does not purport to serve Defendant's specialized market. Further,

3

Plaintiff's exclusive purpose is to assist its customers to obtain affordable and reliable products, primarily for the kitchen and bathroom, during the customers' renovations and redevelopment.

12. Additionally, third party use of similar marks is another factor that weighs against finding a likelihood of confusion. At least one company, Direct Supply, Inc., is using the *identical* mark to Defendant. Such third party uses lessen the likelihood that any person would be confused between the marks because the public has been conditioned to recognize smaller differences between marks and companies given the numerous uses of similar marks.

13. The sophistication of the purchasers also weighs in favor of finding there is no likelihood of confusion. Consumers who are highly familiar with the particular market segments are less likely to be confused by similar marks and may discern quite subtle distinctions. Plaintiff's client's projects are typically 400-600 units in size and take from three months to one year to complete. These are projects designed and overseen by sophisticated people and companies. Customers are not procuring Plaintiff's services on a whim, but rather are making careful, calculated business decisions, as these are significant and rationale capital asset investments.

14. Additionally, Defendant's customers are sophisticated senior living developments. These developments are accustomed to conducting business with senior care providers and can readily recognize when a business specializes in senior care. Accordingly, Defendant's customers are capable of distinguishing between the products and services provided by Defendant and those provided by Plaintiff.

15. Defendant supports its allegation of actual customer confusion by pointing to a single incident of alleged confusion, which occurred in January of 2013. A sales representative from Plaintiff contacted an existing customer of Defendant to inquire regarding the customer's

4

need for products related to renovations or upgrades. The customer responded indicating that she was already a "Direct Supply" customer. Plaintiff's representative clarified that Plaintiff provides products for renovations and upgrades and does not provide the medically-related products or services provided by Defendant. This incident does not demonstrate that Defendant customers are confused. Defendant's customer did not mistakenly contact Plaintiff in an attempt to engage Plaintiff to provide products or services. Rather, the customer was contacted by Plaintiff and quickly distinguished the different services of Plaintiff and Defendant. Further, the customer contacted Defendant after the e-mail exchange with Plaintiff and had a clear understanding that the entities are unaffiliated. If anything, this incident demonstrates that Defendant's customers are readily able to distinguish the two entities and that they will do so in their normal course of business before making a purchasing decision.

16. Furthermore, this incident provides evidence of Plaintiff's intent. Plaintiff's representative did not try to hide from the customer the fact that Plaintiff and Defendant are different, and offer different products and services. Rather, the representative candidly disclosed the distinction.

17. Finally, the lengthy co-existence of the two marks with only one alleged incidence of "confusion" weighs heavily in Plaintiff's favor. Minimal instances of actual confusion in light of the prolonged co-existence of two trademarks raise a presumption against likelihood of confusion in the future.

18. In light of the foregoing, Plaintiff does not believe there is a likelihood of confusion, unfair competition, or cybersquatting. In fact, the United States Patent and Trademark Office reached the same conclusion. The USPTO attorney who examined the Plaintiff's DirecSupply Trademark Registration did not reject it based on any of Defendant's

pending applications or registrations, indicating the USPTO does not believe there is a problem with co-existence.

## DECLARATORY JUDGMENT OF TRADEMARK RIGHTS

19. Plaintiff repeats and re-alleges the facts of paragraphs 1 — 19 as if fully restated herein.

20. Plaintiff seeks a declaration that its continued use of the DirecSupply Trademark does not violate any of Defendant's trademark rights under federal, state, or common law, including but not limited to 15 U.S.C. § 1125(a), 15 U.S.C. § 1114, 15 U.S.C. § 1125(c), including but not limited to U.S. Trademark Registrations No. 1,948,126, No. 2,601,185, No. 2,656,578, and No. 2,844,206, and does not constitute unfair competition under federal, state, or common law.

21. As a result, Defendant has no legal basis upon which to compel Plaintiff to cease use of the DirecSupply Trademark.

22. This Court can declare the respective rights of the parties.

## JURY DEMAND

23. Paragraphs 1 — 22 are incorporated by reference as if fully restated herein.

24. Plaintiff demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor:

   a) Declaring that Plaintiff is not violating Defendant's rights under 15 U.S.C. §§ 1125(a) and (c) or 15 U.S.C. § 1114 based on Plaintiff's use of the mark and trade

    name "DirectSupply," alone or in combination with other terms, phrase, or designs;

b) Declaring that Plaintiff has not engaged in common law trademark infringement and/or unfair competition based on Plaintiff's use of the mark and trade name "DirectSupply," alone or in combination with other terms, phrase, or designs.

c) Granting such other and further relief as this Court may deem just and equitable including costs and attorneys' fees including but not limited to under 15 U.S.C. § 1117.

Dated: February 26, 2013

Respectfully submitted,

By: _____
Jonathan M. Pierce
State Bar No. 24027744
PORTER & HEDGES, LLP
1000 Main Street, 36th Floor
Houston, Texas 77002-6336
Telephone: (713) 226-6694
Facsimile: (713) 226-6294
E-Mail: jpierce@porterhedges.com

ATTORNEYS FOR DIRECSUPPLY, INC.

OF COUNSEL:

Stephanie L. Holcombe
State Bar No. 24069939
PORTER & HEDGES, LLP
1000 Main Street, 36th Floor
Houston, Texas 77002-6336
Telephone: (713) 226-6604
Facsimile: (713) 226-6204
E-mail: sholcombe@porterhedges.com

3127433v2